## GUY STAPP, RECEIVER,
## v.
## JAMES F. OWENS ET AL.

*Former Adjudication—This Court—Effect of.*

A former order or decree of this court in a cause is, unless it is reversed by the Supreme Court, final and conclusive of the rights of the parties, and the questions therein determined can not be again litigated by taking an appeal from the decree of the lower court carrying that decree into effect.

[Opinion filed December 12, 1892.]

IN ERROR to the Circuit Court of Warren County; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. KIRKPATRICK & ALEXANDER, and R. J. GRIER, for plaintiff in-error.

Messrs. PORTER & McDILL, for defendant in error.

MR. JUSTICE CARTWRIGHT.    Defendants in error commenced suit by filing their bill in equity against plaintiff in error for the cancellation and surrender of certain notes held by plaintiff in error as receiver of the First National Bank of Monmouth, Illinois, and to cancel an alleged liability to the bank on account of overdrafts, and for a decree against the assets of the bank for a balance claimed to be due to defendants in error.    Plaintiff in error answered the bill and filed his cross-bill for the foreclosure of a mortgage held by him against defendants in error, which cross-bill was duly answered.    Replications having been filed, the cause was heard upon the pleadings and evidence, and a final decree was entered therein.    Defendants in error sued out a writ of error from this court to reverse that decree.    This court reversed the decree and remanded the' cause to the Circuit Court with directions to proceed in accordance with the decision of this court, which required the dismissal of the cross-bill of plaintiff in error for want of equity and the granting of the relief to defendant in error; sought by the original bill, in the particular manner specified by this court.    It then became the duty of the Circuit Court to enter a decree in accordance with that decision, which was a full determination of the rights of the parties.    No further proceedings could be had in the Circuit Court except to carry into effect the mandate of this court.    Owens v. Stapp, 32 Ill. App. 653.    There was no appeal from or writ of error to this court, but the case was duly reinstated in the Circuit Court, and the mandate of this court was carried into effect by the entry of a decree in accordance with the directions of such mandate.    This writ of error is prosecuted to re-

verse the decree so entered. The former order and decision of this court was final, and not having been reversed, is conclusive of the rights of the parties, which can not be again litigated in this manner.

The decree will be affirmed.

*Decree affirmed.*